# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LISA SPARKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | |
| **ALLY FINANCIAL INC.;** ) | |
| **UNITED AUTO DELIVERY** ) | |
| **AND RECOVERY, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Lisa Sparks, in the above-styled cause and for her Complaint against the Defendants states the following:

## PARTIES

1. The Plaintiff, Lisa Sparks ("Sparks") is a resident and citizen of the state of Alabama, St. Clair, and is over the age of twenty-one (21) years.

2. The Defendant, Ally Financial Inc. ("Ally"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.

3. The Defendant, United Auto Delivery and Recovery, Inc. ("UAR"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the

state of Alabama.  The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

5. On or about May 21, 2016, Plaintiff's husband, Durlyn Dawayne Sparks, purchased a 2016 Chevrolet Traverse ("the Vehicle") and executed a financing and security agreement for the Vehicle with Defendant Ally.  Plaintiff had the right to possession and use of the Vehicle for all times herein.

6. In or around 2018, upon information and belief, Ally purportedly considered the Vehicle's financing agreement to be in default and contracted with Defendant UAR for a non-judicial self-help repossession of the Vehicle.

7. On or around November 28, 2018, a Defendant UAR agent named "Haley" went to Plaintiff's home to take possession of the Vehicle.

8. At the time of arrival, Plaintiff was in her private back yard with the Vehicle transferring personal items to a storage building.

9. The UAR agent, without Plaintiff's consent or permission, drove into Plaintiff's private back yard.

10. Plaintiff, fearing for her safety due to an unknown truck trespassing onto her private property, got in the Vehicle and tried to get away.

11. The Plaintiff drove through a muddy field on her property, onto her Aunt's property, and eventually back to the public road while the UAR agent continued to chase Plaintiff instead of retreating.

12. Plaintiff continued to drive around the area attempting to flee from the UAR agent for about twenty (20) minutes.

13. At one point during the chase, Plaintiff attempted to hide in a church parking lot.

14. In response, the UAR agent attempted to block Plaintiff in to keep her from leaving.

15. Plaintiff was able to evade the UAR agent and contacted her husband for help.

16. Plaintiff was eventually able to get away from the UAR agent, met her husband, and left the Vehicle in a public place.

17. The UAR agent's conduct described herein breached the peace.

18. After the chase, the UAR agent went back and improperly talked to Plaintiff's neighbors about the Vehicle and left her name and number with them.

19. Due to these actions, Plaintiff suffered damage to her real property, embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

20. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. The Defendants were under a duty not to trespass or breach the peace during the repossession of the Vehicle.

22. The Defendants breached that duty.

23. As a proximate cause of Defendants' negligence, Plaintiff suffered damage to her real property, embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

24. At all times relevant herein, UAR was acting as Ally's agent and UAR's conduct was within the scope of the agency relationship between UAR and Ally. As such, Ally is liable to the Plaintiff pursuant to the doctrine of *respondeat superior*. Further, the duty to not breach the peace is a non-delegable duty such that Ally is liable for the wrongful conduct of UAR and the damages caused by UAR's wrongful conduct.

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

25. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

26. Defendants, with reckless disregard of the natural or probable consequences of its

actions, acted in a manner that resulted in an unlawful repossession attempt of the Vehicle.

27. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

28. As a proximate cause of Defendants' wantonness, Plaintiff suffered damage to her real property, embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

29. At all times relevant herein, UAR was acting as Ally's agent and UAR's conduct was within the scope of the agency relationship between UAR and Ally. As such, Ally is liable to the Plaintiff pursuant to the doctrine of *respondeat superior*. Further, the duty to not breach the peace is a non-delegable duty such that Ally is liable for the wrongful conduct of UAR and the damages caused by UAR's wrongful conduct.

## COUNT THREE
## TRESPASS CLAIM AGAINST DEFENDANTS

30. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. The Defendants intentionally, forcibly, and unlawfully intruded on Plaintiff's property.

32. As a result of the Defendants' conduct, Plaintiff suffered damage to her real

property, embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

33. At all times relevant herein, UAR was acting as Ally's agent and UAR's conduct was within the scope of the agency relationship between UAR and Ally. As such, Ally is liable to the Plaintiff pursuant to the doctrine of *respondeat superior*. Further, the duty to not breach the peace is a non-delegable duty such that Ally is liable for the wrongful conduct of UAR and the damages caused by UAR's wrongful conduct.

## **COUNT FOUR**
## **FDCPA CLAIM AGAINST DEFENDANT UAR**

34. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

36. Defendant took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

37. As a result of Defendant's conduct, Plaintiff suffered damage to her real property, embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FIVE
## INVASION OF PRIVACY AGAINST DEFENDANTS

38. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

39. The Defendants undertook and/or directed actions to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said actions were made in disregard for Plaintiff's right to privacy.

40. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy.

41. Said communications constitute the wrongful intrusion into her solitude and seclusion.

42. As a result of Defendants' conduct, Plaintiff suffered damage to her real property, embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

43. At all times relevant herein, UAR was acting as Ally's agent and UAR's conduct was within the scope of the agency relationship between UAR and Ally. As such, Ally is liable to the Plaintiff pursuant to the doctrine of *respondeat superior*. Further, the duty to not breach the peace is a non-delegable duty such that Ally is liable for the wrongful conduct of UAR and the damages caused by UAR's wrongful conduct.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

44. Compensatory and punitive damages against the Defendants;

45. Remedies available under the FDCPA against Defendant UAR, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

46. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. WHITNEY SEALS
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@cochrunseals.com

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com


**PLAINTIFF'S ADDRESS:**
Lisa Sparks
445 Myers Road
Odenville, AL  35120

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED AS FOLLOWS:**

**ALLY FINANCIAL, INC.**
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL  36104

**UNITED AUTO DELIVERY AND RECOVERY, INC.**
C/O Haley Posten, Registered Agent
5280 Pinson Valley Pkwy
Birmingham, AL  35215