# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **LISA SPARKS and DURLYN SPARKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No: 4:19-cv-00035-KOB** |
| ) | **UNOPPOSED** |
| **ALLY FINANCIAL INC.;** ) | |
| **UNITED AUTO DELIVERY** ) | |
| **AND RECOVERY, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT OF RULE 26(F) PARTIES PLANNING MEETING AND PROPOSED DISCOVERY PLAN

1. The following persons participated in a Rule 26(f) conference on April 5, 2019, by telephone conference:

   W. Whitney Seals, Esq., Attorney for Plaintiff; Cochrun & Seals, LLC; Post Office Box 10448; Birmingham, Alabama 35202; Telephone: (205) 328-3900; Email: filings@cochrunseals.com.

   Jud C. Stanford, Esq., Attorney for Defendants, United Auto Delivery & Recovery, Inc., and Ally Financial, Inc.; Mudd, Bolvig, Luke & Wells, LLC; Telephone: (205) 639-5319; Email: jstanford@wmslawfirm.com.

   (a) Plaintiff's Summary of Facts and Defenses.

   Plaintiff contends that Ally Financial, Inc. ("Ally Financial"), through its repossession agent United Auto Delivery and Recovery, Inc. ("UADR"), acted wrongfully and illegally in its attempt to repossess Plaintiffs' vehicle. Plaintiffs contend that the peace was breached and that they and their property were damaged as a result of the Defendants' wrongful conduct.

   (b) Defendants' Summary of Facts and Defenses.

   Ally Financial contends that due to the default status of the loan, attempts to repossess the collateral securing the loan began. Ally Financial denies that any breach of peace occurred during the attempted repossession, and further

adopts and incorporates all affirmative defenses as pleaded within its Answer to Plaintiffs' Complaint and Amended Complaint.

UADR contends that it received an assignment to repossess the Plaintiffs' vehicle.  UADR denies that any breach of the peace occurred during the attempted repossession and denies any violation of the Fair Debt Collections Practices Act.  UADR further adopts and incorporates all affirmative defenses as pleaded within its Answer to Plaintiffs' Complaint and Amended Complaint.

2. Initial Disclosures.

The parties will exchange by April 19, 2019, the initial disclosure required by Rule 26(a)(1).

3. Discovery Plan.

The parties propose the following discovery plan.

(a) Discovery will be needed on the following subjects:

1) The claims asserted by Durlyn Sparks and Lisa Sparks as to all counts of the Complaint and Amended Complaint, including theories of liability and Defendant's defenses.

(b) Discovery to commence as of April 19, 2019, and to be completed by November 1, 2019.

(c) Maximum of forty (40) interrogatories (including sub-parts and sub-questions) by each party to another party.  Answers to Interrogatories due thirty (30) days after service.

(d) Maximum of forty (40) requests for admission (including sub-parts and sub-questions) by each party to another party.  Answers to Interrogatories due thirty (30) days after service.

(e) Maximum of forty requests for production (including sub-parts and sub-questions) by each party to another party.  Answers to Interrogatories due thirty (30) days after service.

(f) Maximum of ten (10) depositions by each party.

(g) Each deposition is limited to a maximum of seven (7) hours (not including breaks), unless extended by agreement of the parties.

(h) Reports from retained experts under Rule 26(a)(2) are due:

1) From the Plaintiff by August 23, 2019.
2) From the Defendants by September 27, 2019.

(i) Supplementations due under Rule 26(e) by October 4, 2019.

4. Other items.

(a) The parties do not request a conference with the Court before entry of the Scheduling Order.

(b) The parties request a Pre-Trial Conference before the Court on or about January 13, 2020.

(c) Plaintiffs should be allowed until May 27, 2019, to amend the pleadings and/or join parties.

(d) Defendants should be allowed until June 27, 2019, to amend the pleadings and/or join parties.

(e) All potentially dispositive motions should be filed on or before November 22, 2019.

(f) The parties believe mediation would be beneficial in this matter, following the completion of discovery.

(g) Final list of witnesses and trial exhibits shall be due thirty (30) days before the trial date set by the Court.

(h) The parties shall have fifteen (15) days after service of the final list of witnesses and exhibits to list objections under Rule 26(a)(3)(i).

(i) Trial date of February 10, 2020, or as otherwise available on the Court's calendar. It is estimated the length of the trial of this case will be approximately two (2) days.

(j) Preservation of Electronic information:  The parties will take reasonable measures to preserve relevant electronic information, Defendant will endeavor to preserve any electronic information, to the extent it exists, related to Plaintiff and Complaint.  Other information will be preserved with the Defendants' respective retention policies.

(k) Form of Production of Electronic Information:  To the extent that it exists, the parties will produce relevant, non-privileged, electronic information in PDR or paper format.

(l) Inadvertent Disclosure of Privileged Materials:  Inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information without retaining a copy.

Respectfully submitted this the 5th day of April 2019.

/s/ W. Whitney Seals
W. Whitney Seals
Attorney for Plaintiff
Cochrun & Seals, LLC
Post Office Box 10448
Birmingham, Alabama 35202
Telephone: (205) 323-3900
whitney@cochrunseals.com


/s/Jud C. Stanford
JUD C. STANFORD
Attorney for the Defendants,
United Auto Delivery and Recovery, Inc.,
and Ally Financial, Inc.
Mudd, Bolvig, Luke & Wells, LLC
2011 4th Avenue North
Birmingham, Alabama 35203
Telephone (205) 639-5300
Email: JStanford@wmslawfirm.com